Appellant. Case number 19-3027 United States of America versus Charles Hillie Appellant. Mr. Seligman, Freddie Appellant, Mr. Goodham, Freddie Appellate. Good morning, Council. This is Judge Rogers. Judge Henderson has asked me to preside. She is available and is listening to the oral argument. And will ask questions as she wishes. So, Council for Appellant, would you proceed? Good morning, Your Honors. This is Richard Seligman on behalf of Charles Hillie. Appellant submits that there was insufficient evidence to establish production of child pornography, attempted production or possession under the Sexual Exploitation of Children Act. There were two key videos at issue. And on their face, the content does not show Mr. Hillie used JAA, a 15-year-old girl, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. So, what's your strongest case for the proposition that the girl must be engaged in sexual conduct beyond either being nude or being seen emphasizing sexual parts of her body? The statute, the clear terms of the statute call for there to be sexually explicit conduct in the definition of sexually explicit conduct. In this case, the argument and general agreement was that the definition, which was the fifth definition under the statute, the other definitions were explicit sex acts and the fifth one was the lascivious exhibition of genitals or pubic area of any person. What I'm trying to get you to focus on and help me with is I understand your plain text argument but I also understand that other circuits have not taken it as far as you would like us to take it. And I want to know what is your strongest case supporting your position that if, for example, the girl is simply seen, as I've described that that necessarily means the government has failed to bear its burden of proof? Well, our argument, yes, is that the photograph itself or the video must show sexually explicit conduct. I understand that and I'm asking you for your strongest case. You mean the case decided in another circuit? Yes, or any strongest case. Well, the best case we have is the case decided in the Fifth Circuit, which was the Steen case. In that case, they looked at similar circumstances, although the facts were of a woman laying on a tanning machine and there was nothing overtly sexual about that. And that's your strongest case? Well, it's the strongest decided opinion. I just need to be clear here that you think that taking a portrait of a girl lying naked is not enough, that it's not consistent with the plain text of the statute. And what I'm suggesting by my question is looking at what the other circuits have done, I don't see them to have adopted that approach. Well, I think the circuits have all said that you do look primarily at the photograph itself to assess it. But the argument to the government is that you can look beyond that, and specifically the instruction in this case, which we had problems with, was that you can not only look beyond the four corners of the video, you could look at other things such as the intent of the viewer to gain their own sexual satisfaction, whether that's the maker of the video or the viewer. And that intent, we submit, is not an element of the statute. The intent is the intent to produce the sexually explicit video. And that the argument then comes in by the government you can look at surrounding circumstances, but we submit that there are no surrounding circumstances that support the production, the intent to produce. They try to bring in the unrelated behavior of the defendant in abusing these children at various times over a five or six year period. But those aren't in any way directly connected to the videotaping in this case, which was surreptitious. So that our position is you have to look, and the defendant's position and preserved throughout was you have to look at the four square or the face of the video itself, make that determination. And the use of these DOS factors and specifically the sixth DOS factor, which tends to bring the jury away from or the court in this instance away from viewing the specific content of the video is the problem. The intent of the statute was to deal with broad based abuse of children in the pornography industry. And that's why there was a federal statute that was enacted. There really wasn't intended to deal with individual cases like this. And so the thrust was bond production and distribution. And there's none of that. There wasn't produced. There's no evidence. I want to just ask a couple of questions regarding standard of review. You say that there was an intent to use the six DOS factors, but twice the defense counsel, both when it was defense counsel from the federal public defender and when it was Ms. Slate. On two separate occasions, defense counsel submitted proposed jury instructions. Those are ECF 71 and ECF 85. And both of them included the six DOS factors. So why what is the basis for saying that the defense below objected to the DOS factors? Well, the transcripts show that they were objected to that the judge did not agree with the objections. And this was prior to and during the development of the jury instruction. So the fact that they were in there, you start with the fact that the judge decided this in their motion in a ruling on the motion dismiss and stuck with her position to use the DOS factors in that. There was also argument that the the five DOS factors were not really problematic in this case because those focused on actions and focused on the behavior itself. Let me ask a specialist specific question. There's in the supplemental appendix on March 28th defense counsel says we previously objected to the DOS factors. The problem that I have with that is that defense counsel, that same lawyer submitted proposed jury instructions that included the DOS factors in them on February 28th. What is the prior objection? Where is the prior objection that counsel is talking about from that March 28th transcript? The March 20th. She objected in that transcript and you're asking where prior to that before March 28th? So on supplemental appendix page three, Ms. Slate says the defense of course objected to the DOS instructions. And I'm asking you where is that objection because a month earlier on February 28th, the defense submitted proposed instructions that had the DOS instructions in them. Well, my recollection of the record is that the initial instructions were submitted by prior counsel and they were both I think joint submissions with the government. I think at each time it was submitted, the court had already ruled essentially that she was going to give the DOS factors. It was really nothing to object to at that point. Okay. I'll point out counsel that ECF 85 was submitted by Ms. Slate on February 28th and the government submitted proposed instructions for each offense and the defense submitted their own instructions for that for each offense. But let's move on from that. If we there's case law that says that we are supposed to judge sufficiency on how the evidence viewed in the light most favorable to the government would be viewed by a properly instructed jury. Is that the standard that you believe that we should follow in this case? Yes. In other words, even if the jury was improperly instructed, if we agree, even if we were assuming we were to agree with that, we wouldn't use those improper instructions to do the sufficiency analysis. We would use whatever we believe the proper instructions would be. Yes, I think that that's correct. And it's essentially our position if I did not articulate it as succinctly as your honor has. All right. I think I interrupted your presentation and I hope I didn't interrupt your answering Judge Rogers's question. Well, I think what we want to get to at this point is talk about the evidence or lack thereof. And there was really no evidence of production, which is the statutory offense. The argument of the government was you could look to the prior focus of the defendant on his sexual interest in these children. And from that infer that he intended to that he would do to do this videotape for his own sexual gratification. And that our submission is that's not relevant to the analysis in this case. And that and I think there is support from some of the language and other cases that have been cited in our briefs for that point. And there was no evidence for engaging in explicit conduct. There was no evidence defendant attempted to modify the videos over a lengthy period of time that it was on its computer. There was no evidence defendant attempted to zoom in on the genitals. So looking at so looking just at the four corners of this there was no evidence he tried to have her engage in explicit sexual conduct for the purpose of the video and he did not distribute or attempt to distribute the child pornography or videos. So our position is looking at those four corners. The evidence does not support either the judge's findings in the motion dismiss or in the and her there's one important addition that I'd like to make to that if I have time and that's to say that the judge added some factors which I think undermine further undermine the instruction and we're likely to confuse the jury although the judge acknowledged that the nudity on its own is not enough for a visual depiction to qualify as a lascivious exhibition. The court added but for the image to constitute a lascivious exhibition the minor is not required to exhibit lust wantonness or sexual coyness and the image need not depict depict overt sexual activity or behavior. We submit that that last part is does not follow the statute that's specifically error in our view although and it was objected to at the time by counsel. I don't know what my time is on this because this the video is not showing my monitors not showing it looks like I show you have almost six minutes left. Six minutes over Judge Rogers. Oh, that's the red. Thank you. Welcome. All right. So counsel, why don't we hear from the government and we'll give you some time on rebuttal. Thank you. Good morning. Your honors may please the court David Goodham for the United States addressing the last topic that my opponent was positing the erroneous instruction relating to the necessity for an overt sexual act by the victim the minor here that the court properly in essence instructed the jury that it's not necessary that the minor engage in a lascivious act but it's permissible to look to see if the producer of the video engaged in a lascivious act and that's consistent with the numerous authorities that we've cited it pages 29 and 30 of our brief but the problem is council how is that consistent with the statute the statute says prohibits using the language from 22 51 a using a minor to quote engage in any sexually explicit conduct so the focus on the statute is what is the conduct of the minor the conduct of the minor doesn't change based on what's in the mind of the person filming or the mind of the person viewing the conduct the conduct is whatever the conduct is so how can any instruction that focuses on what other people perceive or what other people intend have anything to do with what the statute is saying and it's plain text I think getting more granular into this the plain text that the Congress has identified and defined sexually explicit conduct in six categories and all the parties agreed that we were in the sixth category here which is the lascivious exhibition of genitalia or pubic area and so what the courts have done have looked at the phrase lascivious exhibition and they have gleaned from that phrasing lascivious exhibition which lascivious the plain language of lascivious is or tends to arouse sexual desire and then the plain language of exhibited is is displayed in order to attract notice so what the courts have done in looking at the plain language of lascivious exhibition excuse me in particular I would point the court to court Todd they said it's a depiction which brings forth to view the genitals or pubic area of a minor in order to excite lustfulness so I think what the courts have appropriately concluded is the plain language of lascivious exhibition of genitalia can encompass a scenario like this whereas the other five categories it is true refer to sexually explicit conduct you know bestiality, masturbation, sexual intercourse I think Congress presciently anticipated the possibility that we have here which is a producer who surreptitiously videotapes a minor in a vulnerable state for the purpose of inciting sexual desire of a viewer and so it's the plain language of lascivious exhibition that I would suggest gets you to a consideration both of the mens rea of the producer number one and number two most critically no requirement that the child have engaged in explicit sexual act herself and I would suggest that is also commensurate with the general purpose of the sexual exploitation statute Congress passed this statute to ensure that minors would not become sex objects it's emotionally damaging it's psychologically damaging and I get all of that counsel but I think that what your answer elides is that you're using the B definition or the second definition of lascivious from the various dictionaries the A definition or the first definition is of or marked by lust from Webster's new collegiate dictionary I'm sorry new Riverside University dictionary from 1984 or other contemporaneous dictionaries from around the time 1984 of or characterized by lust lewd lustful so it's the A definition is all focused on how would you characterize the actions of the person in the B definition that you want us to adopt the exciting sexual desires definition is a definition that is focused on what would be the impact of a viewer and I guess the problem that I have with that is I don't know understand how that really works so let's suppose this prosecution wasn't of Mr. Hilly who made the video but he had uploaded it to the internet and someone had downloaded it and that person had been prosecuted and convicted of possessing the video as child pornography under I'm getting 2252 so how does this how does your definition work in that circumstance well I think it still works in that circumstance because if we cannot ascertain for example let's take an example if Mr. Hilly was suspecting his daughter for example of stealing his medicine and put a surreptitious camera in the vent of the ceiling to figure out whether she was stealing his medicine that would be a much more difficult case I think for the government because we don't have this sort of sexual exploitation the treatment of a victim that minor as a sexual object and we also would not have the other indicia from Dost of for example sexual coyness or wantonness so that would be a tougher case but I don't think when you combine lascivious exhibition which is draw attention to genitalia with the sexual exploitation purpose of Congress that you excise a review a permissible review of intent of the producer in that context I would add that I'm asking you about someone charged with possessing okay who just possesses the video we right I'm sorry when you're prosecuting them and we've got a sufficiency case what's your argument for why it's sufficient for them and recall that the statutory language about engaging in sexually explicit conduct is the same in 2252 as it is in 2251 for all intents and purposes well I think we would have to show that the videotape that had been passed on and was possessed by the downstream user if you will we would still have to show that the lascivious exhibition of genitalia was was created for the purpose of a sexual response in the viewer and so you know we would have to show that I think the other indicia relating to the producer and if that happened if the if the person in possession had a lascivious exhibition of genitalia on an image that would qualify as possession of child pornography I believe here's I guess what I'm trying to here's what I'm trying to get at let's suppose you have a young baby recently born and who's taking a bath the parents are bathing the child and they take a video of this that they send to the grandparents so that they can see baby's first bath and the video in passing shows the baby's genitalia are you saying that that video would meet the definition under 2251A? No and why not? it would be hard for the government to ascertain either from the four corners of the video you have a passing revelation of genitalia number one number two you have in the four corners of the video you posited innocuous innocent activity that is just taking photos of a child absent some indicia of mens rea on the part of the producer the camera person that this would be used for the purpose of exciting sexual arousal if that's absent then I don't think we have child pornography. Now let's suppose at the same time that this was happening there was a hidden camera in the bathroom and the defendant zoomed in on the child's genitalia basically throughout the video that the defendant made is that a violation of 2251A? some courts have looked at the you know that's one of the cause factors some courts have looked at the zooming capability of camera coupled with focus and again this is a multi-factor analysis that is you know lascivious you can plug in different factors and come up with a different sort of constellation if you will that would lead to the ultimate conclusion that this was an image that is an image of an exhibition of genitalia or pubic area for the purpose of arousing sexual desire. Here's I guess what I'm trying to get at to cut to the chase is that the statute says that it's a crime to use a minor to engage in sexually explicit conduct and here it would be lascivious that the conduct would be lascivious exhibition of the genitalia etc. If the conduct is the same whether that the child is engaging in whether it's the parents filming the child or whether it's the person with the hidden camera filming the child. So how can it be in one instance the conduct that's the exact same is sexually explicit conduct or a lascivious exhibition but the exact same conduct of the parents and the child just because it's videotaped differently becomes a lascivious exhibition I don't understand that the conduct hasn't changed Again I think this emanates from the importation of lascivious exhibition of genitalia into the definition of sexually explicit conduct. At that point what all the courts of appeals have concluded is by expressly identifying that as a permissible sexually explicit conduct that is lascivious exhibition that does permit the jury and or a court to look outside the four corners of the image itself and ask whether the producer was engaging in lascivious conduct and that's again a feature of we don't want to demand that children display wantonness. We don't want to demand that children display sexual coyness. We don't want to demand that children engage in... Let me make sure I understand what you just said You believe that the statute can be construed that when it says a person who uses a minor to engage in any lascivious exhibition that that can be construed to mean that the person doing the filming if they're engaging in a lascivious exhibition that that's covered by the statute? Not that they're engaging in a lascivious exhibition, that they're engaging in lascivious conduct. That is that they are taking the images and they're using them for the purposes of or intending to use them for the purpose of arousing sexual desire and what I think is that Congress understood when they had this catch-all category, if you will, number six in the definitions they understood that children might well be sexually exploited when they are surreptitiously photographed. So even though we have here the innocent conduct of a minor post-shower grooming, but we have strong indicia that the producer had created that image for his own sexual desire in this case, but perhaps other sexual desires of others in certain cases because he himself was engaged in contemporary sexual abuse of that minor. Why isn't the best reading of the statute according to just its plain text that the what Congress is doing here by saying it's unlawful to use a minor to engage in sexually explicit conduct and then they have a list of like sex acts and then they have kind of the catch-all the last one, lascivious exhibition that what they're saying is that would you characterize the child's conduct whatever it is that the child is doing as a lascivious exhibition? And perhaps the impact of the conduct on the viewer would be relevant but I don't see how the intent of the filmer, so to speak would be relevant to how you characterize the child's conduct. Well, a couple responses. First, I do think that the courts are in agreement that at least one definition of lascivious does permit you to look at whether it was done for the purpose of arousing sexual desire, number one, but number two, most critically, I think if you were to excise from coverage the conduct that we have here, you would be opening up a category of child pornography in this day and age with the technology that we have for surreptitious recording you would be opening up the category of child pornography permissible to be put on the dark web of a vast panoply of actions. I mean, there's a reason there are eight courts of appeals have looked at the sexual exploitation statute. Eight courts of appeals have looked at it and in identical circumstances to what we have here, which is surreptitious recording of a minor in a vulnerable, nude state those eight courts of appeals have all concluded that that falls into the category of lascivious exhibition. Not all of them I mean, the Steen case, they found that the evidence was insufficient. Sure, Steen, I would suggest Steen is pretty easily distinguished because there was a stranger who poked his camera over the top of an adjoining wall to take a photograph of a woman on a tanning bed. Emphasis on stranger, I would suggest and without any sort of contemporaneous indicia So whether the woman is engaging in a lascivious exhibition would vary depending on whether a stranger is taking the picture as opposed to her stepfather How does that have anything to do with whether it's a lascivious exhibition? It emanates from, again, our definition of lascivious is that was the production of the image done for the purpose of arousing sexual desire. My only point by emphasizing stranger there is that it's difficult to understand whether here we have the contemporaneous evidence of simultaneous sexual abuse. So it's easier for a jury to take that evidence and conclude we have sufficient evidence of lascivious actions on the part of the producer  This notion that it's the actions of the producer that can be lascivious and that lead to a lascivious exhibition of genitalia There are several courts of appeals that have criticized the dose, even though they've said, well, the dose factors are relevant. They've said things like, well, sometimes they're relevant, sometimes they aren't. They might be relevant in production cases, but they're not necessarily relevant in possession cases We'll figure that out when we can figure that out Several courts have said the intent of the specific defendant isn't relevant. You're telling us that it is, right? Actually, yes, I am. And so you would agree that there are several courts of appeals that have disagreed with that contention, right? No, no. And I think the Seventh Circuit Court of Appeals, it is true, Your Honor, that some courts of appeals, and particularly the Seventh Circuit, has indicated a reluctance to use DOST routinely I may be wrong, but I don't think any court, because even the Seventh Circuit, I think the language from Price is, of course intent is a part of the analysis of lascivious exhibition, and that gets at Price goes on to offer the examples of, of course intent is part of that analysis, because otherwise you might have a doctor who has filmed genitalia for the purpose of diagnosis, or you might have a mother who filmed her children and had a focus on genitalia. So every court, and again, I may be wrong, but every court that I know of, some have it is true the Seventh Circuit is not enamored with the DOST factors, but every court that I know of has considered as part of the plain language definition of lascivious exhibition, the intent of the producer to arouse sexual desire. All right, but that response and this is what I was trying to get focused with my questions to counsel for appellant, is we've had peeping Tom statutes on the books for years. We've also had these pornography statutes, but I haven't seen the court say, and maybe I'm wrong that mere peeping Tom and that gets your stranger in there somehow undercuts the argument that counsel for appellant is making that the statute in speaking of such minor engage in any sexually explicit conduct for the purpose of producing any visual depiction means that mere peeping Tom evidence is sufficient and I agree that the statute is not organized in a way that makes it easy to focus on precisely what Congress was intending to do but if it wants to go beyond peeping Tom I thought that's what it was getting at by talking about sexually explicit conduct focusing on the subject being viewed or being taped and I don't see the argument here and I didn't see it in the other courts and all the courts indicate some discomfort about this whole area but the question is what did Congress intend and maybe we don't need to reach that for some procedural reasons but I did want to understand what the government's view of this statute is and your responses to Judge Wilkins make me concerned that you are taking the government's burden to be a peeping Tom burden as a result of videotaping either directly or surreptitiously and where am I finding the government's position? I think the voyeurism statute that your Honor is referring to compared to the child pornography statutes that we're talking about they're addressing different considerations in the voyeurism statutes there is no requirement of sexually explicit images number one but number two they're getting at reasonable expectations of privacy so I don't disagree that there will be instances where there is an overlap but what Congress was very concerned about and it's difficult to look at the legislative history and the Supreme Court decisions in Ferber for example and not understand that Congress and frankly look at the title of the statute sexual exploitation Congress was very concerned about the treatment of children as sex objects and the psychological counsel let me say the earlier cases focused on more direct treatment not simply a videotape of a minor doing normal things taking a bath going to the bathroom personal hygiene that type of thing yeah I think that's I think that's a fair and I think the rose in the late 80s and I think the First Circuit has suggested that Doss in fact is over generous to the defendant because Doss looks at it really does ask the question does the minor herself exhibit wantedness or sexual coyness but I think as technology and our understanding of the possibilities of child pornography have unfolded the courts have said Congress must have wanted to include in this category exactly what we have here which is surreptitious recording done for the purposes of sexual arousal as referenced by the producers mens rea and so yes I don't disagree that the earlier cases and when the Doss factors for example were first enunciated it was easier to say oh look at the way the photographer has posed this person look at the way the photographer has used unnatural clothing but as things have unfolded I think the courts have quite properly recognized there's a category of cases and again these are the decisions we cited at pages 29 and 30 of our brief eight different cases there's a category of cases where you have a producer who is taking advantage of a vulnerable child victims nudity and using it for the purposes of arousing his or other viewers sexual desire and so I don't disagree that there has been sort of a evolution if you will but again eight courts of appeals have expressed confidence and comfortableness with this notion of exactly the conduct we're talking about here and circling back around to my core point that's because we don't want to demand that children who of course are children display some sort of sexual poignancy some sort of wantonness some sort of overt sexual activity they can become sex objects and be exploited in this category of surreptitious filming cases as much but but but but counsel there are some people who could take any photograph of or video of a child and be aroused by it and objectify the child and view the child as a sex object so if we if we start going down that road and considering that as like a relevant consideration then then any picture of of a child's genitalia is essentially child pornography your honor I totally agree with that concern and that's why in one of one of the footnotes in our brief we've identified that there is an ongoing tweaking if you will of the the DOS factors such that in particular I would direct the court's attention to the recent decision from the Second Serpent Spore which talks about a jury a properly instructed jury in this context should be told that the intent of the producer should not be the sole determining factor in assessing lascivious it must in fact be considered in the context of the other five factors to ask the question of when we have a focus for example on genitalia can does that does that focus get informed by intent evidence relating to the producer of the video so I don't disagree and if you look at Spore you will see language in there where they talk about there is a danger associated with focusing too much on intent and so what they're counseling the Spore case in the second circuit is counseling use intent to inform the four corners analysis that is represented in the five other factors here's what I'm trying to I appreciate that answer here's what I'm trying to get at so in my prior hypo about the baby taking a bath and it's filmed by the parents and it's sent to the grandparents you agree that that's not a lascivious exhibition of the child's genitalia right yeah so let's suppose that video was intercepted from the email and someone took the same video and they edited it to zoom in on the baby's genitalia and like cut all the other parts of the video out that weren't doing that so they just kind of had and then they distributed that and then somebody is in possession of that is that person who possesses that edited video in possession of child pornography I think that's much closer to lascivious exhibition absolutely because if you look at the four corners of the video if you have as you posited this notion of a zoom focus on genitalia to the accession of for example the human nature of the baby and or the infant then you're getting much closer to the notion that the zooming the editing the all of that activity was done with the intent to arouse sexual desire and perhaps it was used that way so just so that we're clear the same conduct by the child and the parents can be sexually explicit conduct in the second context but it's not sexually explicit conduct in the second context because I'm sorry the original video the original video neither the parents nor the child are engaging in sexually explicit conduct but in the edited video now the child is engaged in sexually explicit conduct or the person who's filming it's the producer is the one who's engaged in sexually explicit conduct well who's engaging in the sexually explicit conduct in your edited video it's the producer who has created a lascivious exhibition of genitalia but that's not what the statute says the statute says that the the minor has to engage in a lascivious exhibition and what the courts have said is you you can you of course need the you know an exhibition of genitalia or pubic area so we start off with that as a as a base but you can ask the question of lasciviousness you just don't have to necessarily look at only the conduct of the child you can look at the conduct of the producer that's how I read the statute your honor and I would suggest that's consistent but with the plain meaning of lascivious and congress intent with passing sexual exploitation statute all right let me be sure um judge Henderson would you like to pose any questions no thank you all right anything that's necessary judge Wilkins further before one question on standard of review for sufficiency does the government agree that we review sufficiency on what a properly instructed jury um could find based on the evidence and like most favorable to the government and we have to determine what a properly instructed jury is and that may or may not be the same thing as as how the jury was instructed in this case or what what challenges to those instructions are preserved um well um I'm actually not familiar necessarily uh of of the cases and I apologize but of course this court's review this court applies the law it's de novo review so I don't know if you're when you're in the context of sufficiency the evidence if this court and articulates the law um I think then you can take out of the equation the jurors that were misinstructed um so I again I apologize I'm not familiar with this area of the law I've never encountered a case where you had a badly instructed jury on the one hand but perhaps sufficient evidence the other I apologize but I'm not sure I agree with the notion that you have to ask the question would this same jury have come to this conclusion if they had been properly instructed I think this court could do that job once it concluded once it decided what the law was based on the fact counsel you're familiar with harmless error of course prudence all right well a lot of those cases deal with that so I appreciate the fact that this is a complicated case lots to absorb uh but having been in the U.S. attorney's office you are familiar with the notion that even though the jury was misinstructed it was a harmless error normally the cases that revolve around given the strength of the government's evidence so when we look at it I thought Judge Wilkins asked a intriguing question do we ignore that harmless error jurisprudence and say hypothetically that the jury was erroneously instructed end of case and not go further and say oh and that in the appellate court's view that error could have affected the outcome of the case or do we just ignore it and say had the jury been properly instructed it still would have found guilt and I thought initially those were basically two ways of asking the same question and based on what you have been discussing today with Judge Wilkins I've wondered if I was correct about that well I apologize maybe I misunderstood Judge Wilkins question I thought he was asking in the context of sufficiency of the evidence of course if you're asking the question was there harmless error based on an erroneous jury instruction I mean we know from Nader for example even if you're missing an instruction this court is permitted to do an analysis of whether or not there was for example overwhelming and uncontested evidence that would have met that and that's what I thought maybe I was mistaken why we were spending all this time on trying to understand this statute and what it requires so that we as an appellate court looking at this and let's suppose it's de novo here either because counsel didn't preserve the error the objection in the district court or for some other reason I think Judge Rogers I may have probably in fact I'm sure I did not ask my question in the most artful manner so maybe I can clear this up if the evidence was insufficient then we toss the verdict aside and there is no second trial because of double jeopardy in the due process clause so that's a different analysis than whether there was an error in the jury instructions and whether that error was preserved or not and whether it's harmless error or plain error however we review that what some courts have said from my research is that when you do your sufficiency analysis you say what would a properly instructed jury have been instructed and then taking the evidence in light most favorable to the government etc. could the jury reasonably have found beyond a reasonable doubt all of the elements based on those proper instructions and so you don't base that on how the jury was actually instructed but what the proper instructions would have been and so I'm just trying to get the government's position as to whether they agree that that's how we're supposed to do the sufficiency analysis it certainly again with the caveat that I'm sort of having to look at this case well it certainly makes sense to the extent that if you're asking to assess whether or not there is enough evidence to support guilt this court of appeals is presumed to know and understand and correctly articulate the law and you would apply that law when you're assessing that question all right thank you counsel very much why don't we give appellants counsel a couple of minutes thank you your honor what I'd like to respond to is this whole discussion about what if somebody modifies the photograph in the process and of course that's part of the assessment under the dos or any other assessment that's been used by the courts but the statute has been modified to include simulated conduct in a separate section I think under definitions so the situation that was postulated by judge Wilkins I think would be handled under that if somebody used the child in the form of taking an innocent photograph and then modifying it so that it was sexually explicit conduct or lascivious which I would say is sort of is a lesser level it's not a specific sex act but it's the behavior of the child being exhibited in the photo which is sexual in nature and whether it's the production part of it is an important aspect in terms of holding the defendant who does that intentionally accountable but it's still the original statute the statute we're talking about in this case that was charged the portion of the statute doesn't involve simulation it wasn't done there are no facts to support that so really we have to look at what was there on the four corners of the photograph and the judges instructions I'm looking at your brief your opening brief on page 48 and maybe that's where I got confused as to what your argument was in your conclusion you submit there was insufficient evidence counts one to seven and those counts should be vacated and dismissed or alternatively vacated and remanded for a new trial because the jury instructions did not accurately state the law that's our position I'm not changing that position I'm not changing that position I was just trying to respond to the lengthy discussion that was going on in terms of the intention the assertion was made by the government that Congress in enacting the adding the lascivious exhibition was getting away really from a requirement of there being some sort of act by the child and what I'm saying is I don't believe that that's so that it still had an act it was just a lesser type of act than the intercourse or the other listed actions and but to the extent the other part of it was dealt with by the simulation that's all I was trying to articulate just now and I would submit with that thank you very much counsel all right the court will take the case under advisement
judges: Henderson, Rogers, Wilkins